JEFFERSON DAVIS COUNTY v. BASS S. LONG ET AL.

[49 South. 613.]

1. SIXTEENTH SECTIONS. *School lands. Waste by lessee.*

A lessee of sixteenth-section school land has no right to substantially injure the reversion by destroying the timber thereon, nor by making a non-destructive use thereof.

2. EVIDENCE. *Judicial notice. Turpentining pine trees. Effect.*

The court does not judicially know whether or not extracting turpentine from pine trees causes a substantial damage as the necessary or usual result.

3. SCHOOL LANDS. *Waste. Suit for. Declaration. Demurrer.*

A declaration, in an action by a county against a lessee of a sixteenth-section school land, alleging that the lessee was committing waste, and making solely a commercial use of the pine timber thereon by extracting crude turpentine is not demurrable.

FROM the circuit court of Lawrence county.

HON. ROBERT L. BULLARD, Judge.

Jefferson Davis County, appellant, was plaintiff in the court below; Long and others, appellees, were defendants there. From a judgment sustaining defendants' demurrer to the declaration and dismissing the suit, plaintiff appealed to the supreme court. The facts are stated in the opinion of the court.

*W. H. Livingston* and *J. O. Cowart,* for appellant.

This court has held that the title of sixteenth section lands is in the state of Mississippi in trust, and it has also held that the county may institute replevin for the recovery of timber wrongfully cut from sixteenth section school lands. *Warren County v. Gans,* 83 Miss. 76; 31 South. 539; *Chamberlain v. Lawrence County,* 71 Miss. 949, 15 South. 40. Accordingly, if replevin was applicable in such instance, we can see no reason why a county cannot sue a lessee of sixteenth section school lands for timber destroyed by him theeron, where substantial injury results to the inheritance. *Lumber Company v. Harrison County,* 89 Miss. 448, 42 South. 290.

It will be noted that the declaration alleged that the appellees boxed for turpentine purposes all the pine timber standing on the sixteenth section lands, and that they had extracted, given away, and converted into spirits of turpentine and sold for commercial purposes, several hundred barrels of crude turpentine taken from such standing timber. The court below held that it was not waste to box timber and extract therefrom turpentine for sale for commercial purposes. This was error. Waste at common law is defined to be a spoiling or destroying of fixtures, gardens, trees or other corporeal hereditaments "to the disherison of him that hath the remainder or reversion in fee simple or fee-tail." Timber is certainly a part of the inheritance, and to cut down standing timber or do any act whereby the standing timber may decay, is waste. Chitty's Blackstone. vol. 1, § 284; 28 Am. & Eng. Ency. Law (1st ed.), 868; 30 Am. & Eng. Ency. of Law (2d ed.), 240.

It has been held a question for the jury as to whether the tapping of maple trees for the purpose of making sugar constitutes waste; that is, as to whether the tapping tends to shorten the life of and in the end destroy the trees. *Campbell v. Shield,* U. C. Q. D., 459. See also *Moss Point Lumber Company v. Harrison County, supra.*

The statute laws of Mississippi provide that if a person shall

box for turpentine or shall cut, or cause to be cut, or boxed, any pine tree on land not his own, without consent of. the owner of the land or tree, he shall pay to the owner thereof a certain amount as compensation. Code 1906, § 4983. Under the circumstances, it was error in the court below to say that the extracting of turpentine from the trees was not a substantial damage to the trees.

*G. Wood Magee,* for appellees.

The title to the sixteen section lands of Mississippi is in the State of Mississippi in trust for the inhabitants of the respective townships in which the different sixteenth sections are situated. In other words the state holds title in trust for the benefit of the people. *Jones v. Madison County,* 72 Miss. 777, 18 South. 87. A plaintiff, in an action at law must have the legal capacity to sue. The county, plaintiff, in this case, can have only such rights to maintain this suit as may be conferred upon it by the statute law. Were it not for Code 1906, § 309, empowering a county to sue and be sued by its name, no suit at all could be brought by or against any county in this state. The only authority tending to confer upon a county the right to sue in a case such as this might arise either under Code 1906, § 4695 or Code 1906, § 4701. Code 1906, § 4695, confers upon the board of supervisors of a county the right to take such action as is necessary to ascertain the true conditions of the title of the sixteenth section lands in the county. No authority whatever is conferred thereunder in favor of the county to maintain a suit such as this now before the court. Code 1906, § 4701, confers upon the board of supervisors of every county, under the general supervision of the State Land Commissioner jurisdiction to control all sixteenth section lands in the county and all funds arising from any disposition thereof. Nowhere does this code section confer upon the board of supervisors of a county any authority to maintain a suit for waste.

The cases of *Warren County v. Gans,* 80 Miss. 76, 31 South.

539, and *Chamberlain v. Lawrence County,* 71 Miss. 448, 15 South. 40, cited by appellant, do not uphold the theory that a county has a right to maintain in the circuit court a suit for waste.

The state is the reversionary owner of all sixteenth section lands within its boundary and, as reversioner, can alone sue for waste in the circuit court. *Howard v. Patrick,* 58 Mich. 795; *Gillett v. Treganza,* 13 Wis. 472; *Wlison v. Galey,* 103 Ind. 275.

The appellees being the owners of an estate in the land for a term of years, had the right during the term to take from the pine trees on the land turpentine, as charged in the declaration. Such action does not diminish nor impair the value of the trees for timber or saw mill purposes, nor does it impair or diminish the value of the trees to box them for turpentine and resin. *Orrell v. Bay Manufacturing Company,* 83 Miss. 800, 36 South. 561.

MAYES, J., delivered the opinion of the court.

This suit was instituted by Jefferson Davis county, on the order of the board of supervisors of the county, against Long and another, engaged in operating a turpentine still in Jefferson Davis county. The gist of the declaration is to the effect that on the 24th day of January, 1850, the proper authorities designated by law so to do, leased to one Lemuel Bullock for a period of ninety-nine years a certain tract of land therein described, being the sixteenth section school lands; that Lemuel Bullock made divers conveyances of the land in question to various persons, who in turn conveyed to others, a part of which lands were finally purchased by Long and Ewing. The declaration then proceeds to state:

"That under and pursuant to said conveyance or conveyances or assignments to defendants herein, they (defendants) did, on or about the 17th day of September, 1904, and at various and sundry times since that date, enter upon said land, and did then

and there box all the pine timber for turpentine purposes, and that, too, in utter disregard of their right so to do, and to the injury of the revisionary interest of plaintiff and the general public in and to said land and timber. That defendants have boxed and caused to be boxed for turpentine purposes all the pine timber standing or being on said above-described land, and have extracted, carried away, and sold for commercial purposes a large quantity of crude turpentine, to wit, one thousand, one hundred barrels of crude turpentine, and of the value of $4,400. That defendants did not box and turpentine said timber for the purpose of clearing said land for cultivation; but, on the contrary, they boxed said timber, and extracted the crude turpentine therefrom, and manufactured the same into spirits of turpentine and resin, and sold the same solely for speculative and commercial purposes, all of which acts and doings were and are acts of waste and injurious to the freehold, and to the damage of plaintiff in a great sum, to wit, $4,400. Wherefore plaintiff, by its said board of supervisors, brings this suit and demands judgment of the defendants for its said damages, to wit, $4,400, together with all costs in this behalf legally expended."

To this declaration a demurrer was interposed, substantially setting up, first, that the county has no authority to maintain the suit; and, second, that the extracting of turpentine and resin from the trees did not, as a matter of law, constitute waste, when done by one owning a leasehold in sixteenth section school land. The demurrer was sustained, declaration dismissed, and from this judgment an appeal is prosecuted.

The question as to the county's right to maintain a suit for waste committed on sixteenth section school land was practically decided in the case of *Lumber Co. v. Harrison County*, 89 Miss. 448, 42 South. 290, 873; but all doubt as to this was removed by the decision of this court in the case of *Jefferson Davis County v. James-Sumrall Lumber Co.*, *ante*, 530, 49 South. 611. The question of the rights of lessees of sixteenth section school lands has been so recently under review by this court, and so fully dis-

cussed in the case of *Lumber Co. v. Harrison County,* 89 Miss. 448, 42 South. 290, 873, that we will not here repeat the discussion. Under the authority just cited, it was held that lessees of these lands cannot destroy the timber to the substantial injury of the inheritance, or make any other use of the timber not resulting in its destruction which substantially injured the estate of the reversioners. Where the declaration alleges that a lessee is committing waste, and its further allegations show that he is making a commercial use of the timber solely, surely no such declaration should fall before a demurrer which admits its allegations.

We cannot judicially know the effect of extracting turpentine from trees—that is to say, whether or not a substantial damage is the necessary or usual result; but we have held that any purely commercial use of the timber standing on the character of lands in question, resulting in damage, is unlawful. We have held in the *Lumber Company Case supra,* that in so far as this state is concerned "the usual purpose for which lands are leased are agricultural purposes, and, unless the contrary be stipulated in the lease, the lease carries with it only such rights as go with ordinary leases;" and, this being the law in this state, it is manifest that the appellees are making an unusual and unlawful use of the land in question—the only question being whether the injury complained of is of that substantial character as to constitute waste.

*Reversed and remanded.*